IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 1:23-CV-00015-KDB-DCK

| | |
|---|---|
| SHARMAIN WOOD, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Sharmain Wood's Brief for Summary Judgment (Doc. No. 6-1) and Defendant's Brief for Summary Judgment (Doc. No. 8). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed the parties' briefs, the administrative record, and the applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's judicial appeal of the Commissioner's decision is **DENIED** and the decision is **AFFIRMED**.

## I. BACKGROUND

On March 21, 2020, Plaintiff applied for disability insurance benefits under Titles II and XVI of the Social Security Act, alleging disability beginning July 22, 2019. (Tr. 16). Plaintiff's application was denied on its first review and upon reconsideration. (Tr. 16). After conducting a telephone hearing, Administrative Law Judge Benjamin Burton (the "ALJ") denied Plaintiff's

1

application in a decision dated March 29, 2022. (Tr. 13). The Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision of the Commissioner. (Tr. 1). Plaintiff timely seeks judicial review of that decision under 42 U.S.C § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Ms. Wood was disabled under the law during the relevant period.[1] At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571, *et seq.*, and 416.971, *et seq.*) and at step two that she had the following severe impairments: disorders of muscle, ligament and fascia; obesity; depressive, bipolar and related disorders; anxiety; and trauma and stressor-related disorders. (20 CFR 404.1520(c) and 416.920(c)). (Tr. 19). At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 19).

Before proceeding to step four, the ALJ determined that Ms. Wood had the following residual functional capacity ("RFC"):

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except, mentally, she can understand and remember simple and detailed instructions, but not complex instructions; occasionally interact with the general public, co-workers,

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but under step five the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

2

Case 1:23-cv-00015-KDB   Document 9   Filed 07/14/23   Page 2 of 7

and supervisors; changes in the work setting would need to be infrequent and gradually introduced; and no fast-paced tasks with strict productions quotas; however, variable paced tasks with end of day production quotas would be acceptable.

(Tr. 21). At step four, the ALJ found that Plaintiff could not perform her past relevant work as a case worker (DOT Code 195.107-010), sedentary with an SVP of 7, and a social service aid (DOT Code 195.367-034), light with an SVP of 6, as required by SSR 82-62. (Tr. 28). At step five, however, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on her age, education, work experience, and RFC. (Tr. 28). These jobs include: (1) Laundry Worker (DOT Code 361.684-014); (2) Cleaner (DOT Code 323.687-010); and (3) Dietary Aid (DOT Code 319.677-014). (Tr. 29).

Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from July 22, 2019, through the date of this decision. (Tr. 29).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ––– U.S. –––, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations."

3

*Id.* at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo, Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry*, 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id.* (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard

of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed.

## IV. DISCUSSION

Plaintiff raises one challenge to the ALJ's conclusion that she is not disabled. Plaintiff contends that the ALJ incorrectly considered and articulated medical opinions in formulating the RFC. However, the Court finds that the ALJ did not err when formulating the RFC and properly evaluated the clinical and medical opinions of Plaintiff's doctors and licensed clinical social workers ("LCSW").

When considering medical opinions and prior administrative medical findings, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a) (2017). Instead, the ALJ will consider the persuasiveness of the medical opinion(s) and prior administrative medical finding(s) on the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, which includes the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(a) (2017). It logically follows from these five factors that if a "physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (citing *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996)).

Here, in assessing the persuasiveness of Sara Bolick, Plaintiff's LSCW, the ALJ determined her medical opinion that Plaintiff suffered "extreme limitations" was inconsistent with

Plaintiff's testimony. (Tr. 27). Plaintiff testified to having a limited lifestyle due to her significant symptoms of depression and anxiety. (Tr. 26). Yet, the ALJ noted that Plaintiff also reported that she could perform a wide variety of daily activities, such as caring for her four children, preparing simple meals every day, doing dishes, driving, shopping when necessary, and attending appointments for herself and her children, all of which support the RFC (Tr. 25, 26, 264, 273). The ALJ further explained that the RFC is supported by the record that reflects "only occasional and intermittent treatment with medications and therapy during the period at issue." (Tr. 27). Additionally, the relevant treatment notes from Plaintiff's doctors and LSCWs showed a general trend of "anxious affect" and "depressed mood," but otherwise, Plaintiff's mental health evaluations were "within normal limits" with clear speech and thought processes, good concentration, and normal behavior and attention. (Tr. 23-24). Thus, the ALJ adequately considered the medical opinions of Plaintiff's doctors and clinical social workers, and likewise, adequately explained the inconsistencies in the record when determining a medical opinion was less persuasive.[2] Accordingly, the Court finds that the ALJ adequately evaluated Plaintiff's medical treatment records and accounted for the limitations in the RFC.

In sum, after a careful review of the record, the Court finds that the ALJ's decision is supported by substantial evidence and that the ALJ built "an accurate and logical bridge from the evidence to [his] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting

---

[2] Plaintiff argues that, viewing the Vocational Expert's testimony in conjunction with Ms. Bolick's findings, she would not be able to sustain competitive employment if off task for more than ten percent of the eight-hour workday. However, the ALJ found Ms. Bolick's medical opinion regarding Plaintiff's "extreme limitations" unpersuasive and supported its decision by substantial evidence. Thus, the Court need not weigh the evidence again, nor substitute its judgment for that of the Commissioner's final decision where it is supported by substantial evidence. *See Hays*, 907 F.2d at 1456.

*Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's appeal of the Commissioner's decision is **DENIED** and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: July 13, 2023

Kenneth D. Bell
United States District Judge